UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| PAUL CRONIN,<br><br>    **Plaintiff,**<br><br>V.<br><br>**KENTUCKY HORSE PARK FOUNDATION, INC. and DEEPA BHIKHA,**<br><br>    **Defendants.** | CIVIL ACTION NO. 5:15-197-KKC<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

    This matter is before the Court on Plaintiff Paul Cronin's Motion to Remand this matter to the Fayette Circuit Court. (DE 13). Defendants filed a timely Notice of Removal on July 9, 2015. (DE 1). Plaintiff seeks remand pursuant to 28 U.S.C. § 1441(b)(2), the so-called "forum defendant rule," alleging that this Court lacks jurisdiction over the matter. For the reasons stated below, the Court will grant Plaintiff's motion to remand.

## I. BACKGROUND

    On April 22, 2015, Plaintiff, a citizen of Virginia, filed suit in the Fayette Circuit Court seeking damages for injuries he allegedly suffered at the Rolex Kentucky Three Day Event held by Defendant Kentucky Horse Park Foundation, Inc. ("KHPF"). (DE 13-1 at 1.) It is undisputed that diversity of citizenship exists between all Plaintiffs and all defendants. In challenging removal, however, Plaintiff relies on the forum defendant rule, which provides that:

> A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). KHPF does not claim it was improperly joined or served, or that removal was, in fact, proper. (DE 1 at 2.) Defendants' sole challenge to the motion is that

Plaintiff waived his right to remand under the forum defendant rule by failing to file his motion within 30 days of removal. (DE 15 at 1.) Plaintiff's motion was filed November 6, 2015, nearly four months after the case was removed from state court. (DE 13.) All parties agree that the only issue before this Court is whether § 1441(b)(2)'s time limitation is a non-waivable jurisdictional prerequisite, or a waivable procedural requirement.

## II. ANALYSIS

Generally, a civil action may be removed from a state court if the federal court would have had jurisdiction over the matter had it originated there. 28 U.S.C. § 1441. An exception to this general rule is at 28 U.S.C., the forum defendant rule, which requires that matters brought in a defendant's home state be remanded unless Defendants establish their right to the federal forum by demonstrating that a forum defendant challenge was not only waived, but that it was waivable in the first instance. *Lexington–Fayette Urban Cnty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 Fed. Appx. 813, 816 (6th Cir. 2004) ("The question of subject matter jurisdiction may be raised at any time, whether at the suggestion of the parties or *sua sponte* by the court.") (citations omitted).

In opposing remand, Defendants rely primarily on cases outside this Circuit to support their claim that "the rule is procedural and that Plaintiff waived the rule." (DE 15 at 2.) Defendants cite *Handly-Mack (citation)* in support of their position, but that case merely confirms what district courts in this Circuit have consistently held: "the Sixth Circuit has not addressed whether the forum defendant rule is a jurisdictional or procedural issue." *E.g., Beeler v. Beeler*, 2015 WL 7185518, at *1 (W.D. Ky. Nov. 13, 2015). In *Beeler,* Judge McKinley explained why the Sixth Circuit's 1924 holding in *Handley-Mack* is not dispositive of this issue. *Regions Bank v. Am. Justice Sch. of Law, Inc.*, 2009 WL 909548, at *4 (W.D. Ky. Mar. 30, 2009) ("*Handley-Mack* appears to be an early application

2

of the rule later handed down by the Supreme Court in *Grubbs*.") (citing *Chivas Prods. Ltd. v. Owen*, 864 F.2d 1280 (6th Cir. 1988)). Based on Judge McKinley's well-reasoned analysis and independent review of the precedent, this Court is persuaded to join the other district courts in this Circuit in holding that this question has not yet been squarely decided by the Sixth Circuit. *See, e.g., id.*; *Balzer v. Bay Winds Fed. Credit Union*, 622 F. Supp. 2d 628, 630 (W.D. Mich. 2009) ("Sixth Circuit precedent on this issue is inconsistent."). This absence of controlling precedent increases the difficulty for Defendants in attempting to satisfy their burden and defeat this motion to remand.

This Court acknowledges that the majority of other circuits deciding this issue have found that failure to comply with the forum defendant rule is a procedural defect. (DE 15 at 2–3.) However, "decisions of [other] appellate panels are no more controlling upon this Court than those of a district court in another district." *In re TLI, Inc.*, 292 B.R. 589, 591 n.1 (Bankr. W.D. Mich. 2003). This Court's decision to follow persuasive authority turns on several factors including: (1) "whether the persuasive authorities employ logical reasoning"; (2) their internal consistency; (3) and "whether they are consistent with a plain and sensible reading of any applicable . . . statutes (taking into account, when necessary and appropriate to clarify any ambiguity, the legislative history and intent)." *Smith v. Astrue*, 639 F. Supp. 2d 836, 842 (W.D. Mich. 2009). For his part, Plaintiff points to decisions from the Western District of Kentucky, Northern District of Ohio, Western and Eastern Districts of Michigan, and the Eighth Circuit, all holding that the forum defendant rule is a prerequisite for jurisdiction. (DE 13-1 at 3–4.) Given that Defendants bear the burden here, it is not necessary for this Court to hold that the precedent Plaintiff cites is *more* persuasive than the cases cited by Defendants before granting Plaintiff's motion. Nor must this Court join the other districts in this Circuit by declaring the forum defendant rule jurisdictional.

Remand is appropriate even if the cases holding 28 U.S.C. § 1441(b)(2) jurisdictional and those labeling it procedural are equally persuasive. Because the authority Plaintiff cites is at least as persuasive as the line of cases cited by Defendants, they have failed to establish their entitlement to a federal forum and this case will be remanded.

### III. CONCLUSION

Federal jurisdiction is a creature of statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Any expansion of federal removal jurisdiction comes at the cost of the powers reserved to the states by the Constitution, which can only be reduced by act of Congress. *Id.* "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934). These federalism and comity concerns have led courts to place a burden on the party seeking removal; they must establish their entitlement to a federal forum. The Defendants have not met this burden and consequently, this Court is left to question whether or not Congress sought to limit district courts' jurisdiction by enacting the forum defendant rule. However, when such a question arises the law could not be clearer, any doubts as to the propriety of removal must be resolved in favor of remand. *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand (DE 13) is **GRANTED**.

Dated April 22, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY